## Commonwealth ex rel. Attorney General, Appellant, *v.* Consumers' Gas Company of Scranton.

*Corporations—Gas companies—Exclusive privileges—Act of April* 29, 1874, *sec. 34, clause* 3, *P. L.* 73.

A gas company incorporated under the Act of April 29, 1874, sec. 34, clause 3, P. L. 73, has against all subsequent incorporated gas companies, an exclusive privilege until it has earned and distributed for five years a dividend of eight per cent on the capital stock, and this is the case although there is in existence a previously incorporated company having the right to supply gas in the same territory.

Where the charter of a gas company specifies a county within which the company may exercise its franchises; the charter is not wholly void because of the existence of a city within the county, within whose limits the company cannot exercise its franchises by reason of the existence of a previously incorporated company with exclusive rights, as against the later company, to supply gas within the city limits.

BROWN, MESTREZAT and POTTER, JJ., dissent.

Argued March 20, 1905. Reargued October 18, 1905. Appeal, No. 5, May T., 1905, by plaintiff, from judgment of C. P. Dauphin Co., Commonwealth Docket, 1901, No. 55, for defendant on case tried by the court without a jury in suit of Commonwealth ex rel. Attorney General v. Consumers' Gas Company of Scranton. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Quo warranto against a gas company. Before JACOBS, J.

The findings of fact by the court below are quoted in the dissenting opinion of Mr. Justice POTTER, infra.

The court entered judgment for defendant.

*Errors assigned* were in overruling various exceptions to the adjudication.

*M. E. Olmsted*, with him *A. C. Stamm*, *Fred. W. Fleitz*, deputy attorney general, and *Hampton L. Carson*, attorney general, for appellant, cited: Com. v. Illuminating Co., 180 Pa. 578; Consolidated Gas Co. v. Mitchell, 1 Dauph. 71; Com. v. Gray's Mineral Fountain Co., 46 Legal Int. 118; Bly v. White Deer Mountain Water Co., 197 Pa. 80.

*M. J. Martin* and *H. B. Gill*, with them *M. E. McDonald*, for appellee, cited: Emerson v. Com., 108 Pa. 111; Scranton Electric Light & Heat Co's. App., 122 Pa. 154; Consolidated Gas Co. v. Mitchell, 1 Dauph. 71.

OPINION BY MR. JUSTICE FELL, February 26, 1906:

The primary question in the case is whether the Hyde Park Gas Company, incorporated in 1875 under the act of 1874, has an exclusive right to supply gas for illuminating purposes in the territory covered by its charter against the Consumers' Gas Company incorporated under the same act in 1900. The 34th section of the act of 1874 expressly gives an exclusive right to the company first incorporated and forbids the incorporation of another company for the same purpose until certain dividends have been paid. It provides that " companies incorporated under the provisions of this statute for . . . . the manufacture and sale of gas . . . . shall . . . . have the powers . . . . as follows: Clause 3. The right to have and enjoy the franchises and privileges of such incorporation within the district or locality covered by its charter shall be an exclusive one, and no other company shall be incorporated for that purpose until the said corporation shall from its earnings have realized and divided among its stockholders during five years a dividend equal to eight per centum per annum upon its capital stock."

The Hyde Park Gas Company has not realized and divided any dividends among its stockholders. It was decided, however, by the learned judge of the common pleas that this company, although first incorporated under the act of 1874, has no exclusive right against the Consumers' Gas Company, because its right is not exclusive against an earlier company, the Scranton Gas and Water Company, incorporated by a special act in 1854 to furnish gas in the same territory. The ground on which the decision is based is that it was not the intention of the legislature to grant a right exclusive against a later company when the right could not be wholly exclusive because of the existence of an earlier company, and that clause 3 applies only where the company incorporated under the act of 1874 is the first company on the ground.

The act does two things: first, it provides for a grant which

is in express terms exclusive; second, it protects the grant by an express prohibition of any other charter. That the grant to the first company chartered under the act cannot be exclusive as to pre-existing rights which the legislature could not take away is not a reason for holding that it is not exclusive against future companies. The limitation of the right is only to the extent required for the protection of such pre-existing rights, and while a company may not have the full letter of the grant it is entitled to what the legislature could and undoubtedly does give it. The conclusion reached by the learned judge is based on the assumption of a legislative intent that is not indicated by anything in the act, and it is in direct conflict with its clearly expressed purpose to make an exclusive grant, emphasized by the prohibition that "no other company shall be incorporated for the same purpose." If this conclusion is correct, it follows for the same reason that the legislature did not intend to give an exclusive right under any circumstances, and clause 3 is ineffectual for any purpose, because a municipality may supply itself with gas: Lehigh Water Co's. Appeal, 102 Pa. 515, or a natural person may furnish a supply: Freeport Water Works Co. v. Prager, 129 Pa. 605. The principle that grants of exclusive privileges should be construed against the grantee applies where there is doubt or ambiguity and where there is something to construe, but here there is no room for construction. Clause 3 is as plain as words can make it. It has been considered by this court in numerous cases in the past thirty years and it has not been suggested that it does not mean just what it says. It has twice been before the legislature for amendment for the purpose of limiting the exclusive privilege. The Act of June 2, 1887, P. L. 310, took away the exclusive right to furnish gas for fuel, and the Act of June 24, 1895, P. L. 266, revoked the right acquired by the acceptance of the provisions of the act of 1874. In each case there was an express re-enactment of the exclusive grant as to companies furnishing gas for light only in the very words of the act of 1874.

Two additional reasons are stated for entering judgment for the defendant: first, that if the Hyde Park Company has an exclusive right in the city of Scranton, that right can be asserted without wholly ousting the Consumers' Gas Company from its

corporate franchises, because the charter of the latter company embraces the whole of Lackawanna county, of which the city of Scranton is only a part; second, that the defendant has not exercised its franchises in the city of Scranton but only claims the right to do so, and should not at this time be ousted from the disputed territory. The effect of holding that the defendant has no valid grant in the city of Scranton is to exclude that city from the territory covered by the terms of its charter, but its charter may be valid as to the rest of Lackawanna county. It does not follow that its charter is wholly bad because it includes territory within which it cannot exercise its franchises, and it should not for this reason be deprived of its corporate existence. We do not, however, concur in the view that as to the city of Scranton the defendant has done nothing that· warrants a judgment against it. By the terms of its charter its business is to be transacted in the city of Scranton. It has organized under this charter and has applied to the councils for municipal consent to occupy the streets of the city. This was the first step necessary to the exercise of the franchises claimed and it was an attempted exercise of them.

The judgment is reversed and it is directed that judgment be entered for the commonwealth as to all the territory included within the city of Scranton.


Mr. Justice Brown, dissenting:

I would unhesitatingly affirm the judgment below. The commonwealth concedes, as it must, that the Hyde Park Gas Company did not, by its incorporation, secure the exclusive privilege to supply gas to the public in the city of Scranton, and yet, in the same breath, insists that it ·does possess such right as against the appellee. In support of this inconsistency it would have us read section 34 of the act of April 29, 1874, as I cannot understand its words. It is to be assumed that the legislature meant what it said in declaring that " the right to have and enjoy the franchises and privileges of such incorporation within the district or locality covered by its charter shall be an exclusive one," and, if so, it could not have meant to give an exclusive right when a prior one existed, and, if it had attempted to do so, by depriving the first company of its franchises, the effort would have been abortive. To my mind

it is not conceivable how the grant of an exclusive privilege can apply where, as a matter of fact, such right cannot be obtained. What the legislature intended was that as to territory not already occupied the grant should be exclusive. The words of the act, upon which the commonwealth relies to take summarily from the appellee its chartered rights and privileges, are, " and no other company shall be incorporated for that purpose until the said corporation shall have from its earnings realized and divided among its stockholders, during five years, a dividend equal to eight per centum upon its capital stock." As to what corporation shall no other company be incorporated? The " said corporation." What is the "said corporation?" The corporation upon which an exclusive franchise is conferred. The Hyde Park Gas Company is not such, for the legislature did not give, and could not have given, an exclusive franchise to it.

MR. JUSTICE POTTER, dissenting:

This was an action of quo warranto brought by the attorney general against the Consumers' Gas Company of Scranton, a corporation organized under the general corporation act of 1874. The writ required the respondent to show cause why it exercised corporate powers, or claimed the right to exist, as a corporation.

The suggestion for the writ alleges, " that upon the 28th day of November, 1900, letters patent were issued by the governor of the commonwealth to the Consumers' Gas Company of Scranton, incorporating it for the purpose of ' the manufacture and supply of gas for light only to the public in the territory embraced within the county of Lackawanna, Pennsylvania, and to such persons, partnerships and corporations residing therein as may desire the same,' and that acting upon the powers and franchises contained in such letters patent, the Consumers' Gas Company of Scranton is proceeding to erect its plant and lay its pipes for the purpose of the manufacture and supply of gas within the territory named. Its legal right to do so, however, is disputed by the Hyde Park Gas Company, which was incorporated on October 27, 1875, for the purpose of ' manufacturing and supplying gas for illuminating and other purposes to the public in the city of Scranton, Pennsylvania, and

to such persons, partnerships and corporations residing therein or adjacent thereto as may desire the same.' "

The defendant company in its answer denies that the Hyde Park Gas Company ever had the exclusive privilege it claims, and denies that it has under its charter any exclusive right as against subsequently formed companies, to supply gas to the public in the city of Scranton or adjacent territory. It further avers " that at the time the Hyde Park Gas Company was incorporated, and for a long time prior thereto, other regularly incorporated and organized gas companies were manufacturing and supplying and have still continued to manufacture and supply gas to the public within the limits of the city of Scranton. Among such companies which have been incorporated for the purposes aforesaid, and which are now engaged, and have continued in that business from the date of their incorporation within the city of Scranton, are the Scranton Gas & Water Company and others."

The case was tried by the court without a jury, under the provisions of the act of April 22, 1874, and the trial judge found the material facts to be as follows :

" 1. The Scranton Gas & Water Company was incorporated by the act of March 16, 1854, for the purpose of furnishing gas and water to the village of Scranton. By the act of March 21, 1861, its territory was extended to the township of Providence, the borough of Providence and the borough of Hyde Park in Luzerne county ; and by act of April 23, 1866, the township of Providence, the borough of Providence, the borough of Hyde Park and the borough of Scranton were incorporated as the city of Scranton. At its original incorporation the capital stock of this company was $25,000. This has been increased from time to time, and at the time of the hearing, its capital was $2,500,000, of which about $750,000 was invested in its gas 'plant and business. It does not appear that this company has ever directly supplied gas to a certain part of the city of Scranton occupied by the pipe lines of the Hyde Park Gas Company, but, since its incorporation, it has been actively engaged in business in Scranton, and, since about the year 1880, has manufactured all the gas distributed and sold in that city.

" 2. The Hyde Park Gas Company was on October 27, 1875,

incorporated with a capital of $25,000, which has never been increased. Its certificate of incorporation states its object to be ' to manufacture and supply the public with gas for illuminating and other purposes ; ' and that ' it shall be located at the city of Scranton, county of Luzerne and state of Pennsylvania, and shall transact its business thereat.' Immediately after its incorporation this company erected a plant, and early in 1876 began to manufacture and supply gas within a part of the city of Scranton, and so continued until about 1880, when its works were dismantled and sold. Since that time it has been constantly engaged in the business of distributing and selling gas, but has purchased from the Scranton Gas & Water Company all the gas supplied by it to its customers. It has not ' from its earnings realized and divided among its stockholders, during five years, a dividend equal to eight per cent. per annum upon its capital stock.'

" 3. The Consumers' Gas Company, the defendant in this case, was incorporated on November 28, 1900, with a capital of $5,000, ' for the purpose of manufacture and supply of gas for light only to the public in the territory embraced within the county of Lackawanna, Pennsylvania, and to such persons, partnerships and corporations residing therein as may desire the same.' We find that the Consumers' Gas Company claims that it has the right to manufacture and sell gas within the city of Scranton, but there is no evidence before us that it has ever exercised any franchise within that city. It was assumed by counsel on both sides that the company has made application to the city councils for authority to lay its pipes upon streets of that city, but there is no evidence before us that the application was granted, or that the company has proceeded to erect its plant or lay its pipes, or in any manner engaged in the business of manufacturing or selling gas either in the city of Scranton or elsewhere."

It does appear, however, that there was evidence as to defendant's application for municipal consent, but not as to the action of councils thereon.

Clause 3, of section 34, of the general corporation Act of 1874, P. L. 73, provides that " the right to have and enjoy the franchises and privileges of such incorporation within the district or locality covered by its charter shall be an exclusive one ;

and no other company shall be incorporated for that purpose until the said corporation shall have from its earnings realized and divided among its stockholders, during five years, a dividend equal to eight per centum per annum upon its capital stock."

It was claimed by the commonwealth, which is the appellant here, that the Hyde Park Gas Company had exclusive rights under the provisions of the corporation act just quoted, to manufacture and supply gas within the city of Scranton, and that consequently the respondent company, whose charter covered the same locality, was not entitled to exercise the powers conferred upon it.

The court below entered judgment for the defendant, holding :

" 1. That the Hyde Park Gas Company did not have exclusive franchises in the city of Scranton, because at the time of its incorporation the Scranton Gas and Water Company already existed, with the power to supply gas in Scranton and was actively engaged in that business.

" 2. That even if such exclusive privilege had existed in favor of the Hyde Park Gas Company, it would have afforded no ground for declaring the charter of the defendant company wholly invalid and ousting it from corporate existence, for the reason that its corporate rights extended over the whole of Lackawanna county and were not restricted to Scranton.

" 3. That the defendant company having exercised no franchise within the city of Scranton, the court has no power to oust it from a franchise which it merely claims to possess, but has never exercised."

From this judgment the commonwealth has appealed.

The only assignments of error necessary to be considered are the first, second and third, covering the above stated conclusions of law, and the nineteenth and twentieth, covering the entry of judgment in favor of, and the refusal to enter judgment against, the defendant. If the court below was correct in any of its conclusions of law, it necessarily follows that the judgment is without error and should be affirmed.

It is clear that when the Hyde Park Gas Company was formed, it did not have an exclusive right to supply gas in its territory. The Scranton Gas and Water Company was there

before it. Counsel for appellant concede that a pre-existing corporation cannot be excluded, but they earnestly contend that as to subsequent companies, the Hyde Park Gas Company obtained an exclusive privilege. The direct and controlling question in this case, is, therefore, whether the legislature intended to deny the right of incorporation to other companies in a case where the right of the prior company was not exclusive. Admittedly, under the facts of this case, an exclusive right could not be in fact obtained by the Hyde Park Gas Company. Did it therefore fall within the meaning of the language of clause 3 of the 34th section of the act of 1874? Or is that section to be taken as meaning that only when exclusive privileges have been granted to a gas company incorporated under its provisions, the prohibition applies, that "no other company shall be incorporated for that purpose until," etc. The doctrine of our cases, and the general rule of construction applicable to this question has been stated as follows : "Grants of exclusive privileges to gas companies must be most strictly construed against the grantee and in the interests of the public. They will never be extended beyond their obvious meaning and the grantee takes nothing by implication : " 14 Am. & Eng. Ency. of Law (2d ed.), 926. This rule of construction has been closely adhered to by this court; thus, in Emerson v. Com., 108 Pa. 111 (124), Mr. Justice GREEN said, in considering the provisions of the act of 1874, which are in question in this case : "It is scarcely necessary to say that exclusive privileges which affect great public interests must be most strictly construed against the grantee and in the interest of the public."

In Scranton Electric Light, etc., Company's Appeal, 122 Pa. 154 (175), Chief Justice GORDON, quotes this statement of the law as "an unalterable rule," and further says : "We may add, that every intendment not obviously in favor of the grant must be construed against it. Monopolies are favorites neither with courts nor people. They operate in restraint of competition and are hence, as a rule, detrimental to the public welfare ; nor are they at all allowable except where the resultant advantage is in favor of the public, as, for instance, where a water or gas company could not exist except as a monopoly."

In Warren Gas Light Co. v. Gas Co., 161 Pa. 510, this rule of strict construction was again recognized and followed.

In Freeport Water Works Co. v. Prager, 129 Pa. 605, the same provision of the act of 1874, was considered in its relation to water companies and the obvious purpose was judicially declared. Chief Justice PAXSON there said (p. 617) : " A grant of exclusive privileges is not favored by the law, and must be construed strictly. It should not be carried by construction beyond the plain language of the grant. The evident object of the act of 1874 was to encourage the formation of water companies to supply the inhabitants of small towns with water, and to that end prohibited the formation of rival companies until they should have become profitable." This language would apply equally to the formation of gas companies.

Nor are we dependent alone upon judicial construction, for a full understanding of the purpose of the act of 1874 in this respect. We have also the legislative sanction to the same effect, as applying to gas companies. This appears in the preamble to the Act of June 24, 1895, P. L. 266, by which the legislature undertook to revoke and annul all exclusive rights, franchises and privileges of certain gas companies. The preamble sets forth, that " Whereas the true policy of the granting of exclusive rights to gas companies is the encouragement and establishment of such companies for the supplying of gas where no such supply was previously furnished, and the real consideration for such exclusive rights is the new public service thus secured," etc. If, then, we are to interpret the meaning of the act of 1874, in the light of the intention of the legislature as declared by this court, in the cases which have been cited, and as set forth by the legislature itself, in the preamble to the act of 1895, it is manifest that clause 3 of section 34, cannot be construed so as to confer exclusive privileges upon a company incorporated to do business in a territory already occupied by another previously incorporated company, having no exclusive privilege. This would not be the case of establishing a company for the supply of gas, where none was previously to be had. Nor would it secure a new public service in consideration for exclusive rights. There would be neither sound reason nor good consideration for such a grant; and why then should the act be construed so as to favor the privilege? The effect of such construction would be to prevent any further competition with the original company, although its charter gives it

no exclusive privilege. This would tend to forestall the incorporation of other companies, and produce a condition which the legislature in the preamble to the act of 1895 has pronounced injurious to the citizens of the commonwealth. Furthermore, as we have already pointed out, the Hyde Park Gas Company, has never had exclusive rights in the city of Scranton. During the whole of its existence its rights have been shared with the previously existing Scranton Gas and Water Company. If it never possessed exclusive rights, what reason could exist for denying to a later company, either incorporation or the exercise of its franchises in the same city? Can it be supposed that the legislature intended to admit one competitor under these circumstances and exclude all others? We do not think so. It seems to us, that the intent of the law was to confine the protection which it afforded, by way of exclusive rights, to the first company which provided for the community a new public service. Under such circumstances, the legislature saw fit to exclude competition, for a period. Under any other circumstances, the reasons which justify the exclusive features of the act, do not exist, and these provisions do not apply.

I would dismiss the assignments of error, and affirm the judgment of the court below.

MR. JUSTICE MESTREZAT also dissented.